UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OTIS A. DANIEL,<br><br>       Plaintiff,<br><br>    -against-<br><br>ROBERT S. TUCKER, ESQ.; STEVEN I. GUTSTEIN,<br><br>       Defendants. | 1:20-CV-2149 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who appears *pro se*, brings this action under the Court's federal-question jurisdiction. He sues the Chief Executive Officer and Chairman of T&M Protection Resources, LLC ("T&M"), Robert S. Tucker, and the General Counsel of T&M, Steven I. Gutstein. His complaint is 304 pages long. In response to the complaint form's question about the federal constitutional or statutory basis for his claims, he writes: "I've been made uncertain of my legal rights." (ECF 2, at 2.) He asserts claims of "willful negligence/recklessness," "intentional infliction of emotional distress," and "invasion of privacy." (*Id.* at 7.) He seeks unspecified relief. By order dated April 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted. emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff asserts that the events that are the basis of his claims occurred between 2011 and the present, at (1) Plaintiff's former jobsite at 590 Madison Avenue, in Manhattan, (2) T&M offices in Manhattan, (3) this Court, (4) the United States Court of Appeals for the Second

Circuit, and (5) the United States Supreme Court. (ECF 2, at 7.) He alleges that Tucker and Gutstein have, "for the past seven years[,] intentionally used their knowledge of the law, connections with law enforcement and the foreseeable actions of the court to harass[], intimidate, humiliate, falsely prosecute, discriminate and criminalize [him] because of [his] race (Black), national origin (Vincentian) and sexual orientation (gay)." (*Id.*) He refers to a previous civil action he brought in this Court, *Daniel v. T&M Prot. Res. LLC*, ECF 13-CV-4384 ("*Daniel I*"). (*Id.*)

**A.**     ***Daniel I***

On June 24, 2013, Plaintiff filed his complaint in *Daniel I*. He asserted claims of employment discrimination against T&M, Edward J. Minskoff Equities ("Minskoff"), and Universal Protection Services ("UPS"), and recounted events that allegedly led to his May 2012 firing as a T&M fire safety director.[1] On February 19, 2015, District Judge Paul A. Engelmayer of this Court granted T&M's motion for summary judgment, and dismissed *Daniel I*. *Daniel v. T&M Prot. Res., LLC*, 87 F. Supp. 3d 621 (S.D.N.Y. 2015). Plaintiff unsuccessfully sought reconsideration. *Daniel v. T&M Prot. Res., LLC*, No. 13-CV-4384, 2015 WL 783349 (S.D.N.Y. Feb. 24, 2015). He then appealed. On April 25, 2017, the Second Circuit vacated the judgment and remanded the action to the district court. *Daniel v. T&M Prot. Res., LLC*, 689 F. App'x 1 (2d Cir. Apr. 25, 2017) (summary order).

A four-day bench trial took place in the district court, and on July 12, 2018, Judge Engelmayer issued an Opinion & Order awarding judgment to T&M. ECF 1:13-CV-4384, 175. Seven days later, Judge Engelmayer issued a Corrected Opinion & Order awarding judgment

---

[1] Plaintiff later abandoned his claims against UPS (ECF 1:13-CV-4384, 11) (amended complaint), and stipulated to dismissal of his claims against Minskoff (ECF 1:13-CV-4384, 62) (stipulation of dismissal).

T&M. *Daniel v. T&M Prot. Res., LLC*, No. 13-CV-4384, 2018 WL 3621810 (S.D.N.Y. July 19, 2018). Plaintiff unsuccessfully sought reconsideration. ECF 13-CV-4384, 195. He then appealed. On July 2, 2019, the Second Circuit affirmed Judge Engelmayer's Corrected Opinion & Order. *Daniel v. T&M Prot. Res., LLC*, 771 F. App'x 123 (2d Cir. 2019) (summary order). The United States Supreme Court denied Plaintiff's petition for a writ of *certiorari* on November 18, 2019. *Daniel v. T&M Prot. Res., LLC*, 140 S. Ct. 542 (2019).

**B.     The present complaint**

Plaintiff alleges that Tucker and Gutstein, "by their willful negligence, recklessness, deception, fraud, omission and malice actions, for the past seven years[,] have forced [Plaintiff] to engage in a litigious struggle that felt and seemed like a deliberate systemic discriminatory scheme and cover up." (ECF 2, at 8.) He recounts the discrimination he alleges he experienced while working for T&M as a fire safety director at 590 Madison Avenue, in Manhattan, until T&M fired him in May 2012. He asserts that Tucker and Gutstein "breached [a] legal duty by their (I) willful disregard of the company policy, (II) deliberate refusal to act in accordance with normal established employment practices, and (III) they intentional[ly] and knowingly failed to enforce and comply with state and federal anti-discrimination laws in the disciplining and termination of [his] employment." (*Id.* at 17.)

Plaintiff also asserts that since May 2012, Tucker and Gutstein "have known that [his] employment termination from T&M was a deliberate act of criminal entrapment (lies, deceit, pretense and intimidation), retaliatory and discriminatory [sic]." (*Id.* at 18.) And he alleges that they "used the fact [that he] was employed 'at will' to rationalize[] and justify the known deliberate discriminatory misconducts of [his] supervisor [and] everyone's wanton disregard of the company policies [and] federal and state laws." (*Id.* at 29.)

4

Plaintiff further alleges that between June 2013 and January 2020, Tucker and Gutstein "have intentionally, deceptively and with malice used the law and their foreseeable actions of the court to further aggravate, harass[], intimidate, humiliate, discriminate and criminalize[] [Plaintiff] solely because of his race, national origin and sex/sexual orientation." (*Id.* at 37.) He asserts that Tucker and Gutstein, through T&M's law firm, Paduano & Weintraub, LLP, "had a legal duty to be honest with the court." (*Id.*) And he states that "[f]or the past seven years," however, Tucker and Gutstein "have intentionally submitted false and/or misleading statements about [Plaintiff] to the" United States Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights ("DHR"), and to this Court, on their own, and through other T&M employees. (*Id.* at 38.)

## DISCUSSION

### A.   Fed. R. Civ. P. 60(b)

Plaintiff does not specify the relief he seeks. But in alleging that Tucker and Gutstein provided false information to the DHR, the EEOC, and to this Court, he seems to ask the Court to invalidate Judge Engelmayer's July 19, 2018 Corrected Opinion & Order in *Daniel I* that awarded judgment to T&M, and that the Second Circuit affirmed. Such relief is properly sought under Rule 60(b) of the Federal Rules of Civil Procedure.

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

5

>applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A party can bring an "independent action" to seek such relief. *See* Fed. R. Civ. P. 60(d)(1). While any motion under this rule must be brought within a "reasonable time," and a motion under Rule 60(b)(1), (2), or (3) must be brought within one year of the entry of the order or judgment challenged, Fed. R. Civ. P. 6(c)(1), an independent action seeking Rule 60(b) relief is not bound by that limitation period, *see, e.g.*, *Manti's Transp., Inc. v. Citicapital Commercial Corp., Inc.*, No. 06-CV-1699, 2008 WL 977192, at *5 (E.D.N.Y. Apr. 9, 2008). But a party seeking equitable relief in such an independent action must meet the three following requirements: he must "(1) show that [he] ha[s] no other available or adequate remedy; (2) demonstrate that [his] own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997).

Plaintiff has alleged no facts to suggest that he had no other available or adequate remedy to invalidate Judge Engelmayer's July 19, 2018 Corrected Opinion & Order in *Daniel I*, especially in light of the fact that Plaintiff had an opportunity to raise Tucker's and Gutstein's actions and false statements during the bench trial and when seeking reconsideration, and if unsuccessful there, in his appeal. *See Schiel v. Stop & Shop Co., Inc.*, No. 3:96-CV-1742, 2006 WL 2792885, at *4 (D.Conn. Sept. 6, 2006) ("Independent actions are reserved for circumstances that do not fall under the provisions of Rule 60(b)(1-5), could not have been raised at trial, and prevented the party from fully and fairly presenting their case.") (citation omitted),

*recommending ruling adopted* (D. Conn. Sept. 28, 2006). Thus, the Court denies Plaintiff any relief he seeks under Rule 60(b) from the July 19, 2018 Corrected Opinion & Order in *Daniel I*.

### B.  Claim preclusion

It also appears that Plaintiff wishes to relitigate claims that he did assert in *Daniel I*, or litigate claims that he could have asserted in that action, but did not. The Court must dismiss those claims under the doctrine of claim preclusion, also known as *res judicata.*

The doctrine of claim preclusion limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). It applies in a later litigation, if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *cert. granted*, 139 S. Ct. 2777 (June 28, 2019). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). A federal district court's judgment following a bench trial is a decision on the merits for the purposes of claim preclusion. *See Burberry Ltd. v. Horowitz,* No. 12-CV-1219, 2012 WL 5904808, at *1-6 (S.D.N.Y. Nov. 26, 2012) (judgment after bench trial precluded claims in a subsequent action), *aff'd*, 534 F. App'x 41 (2d Cir. 2013) (summary order).

Although claim preclusion is an affirmative defense that normally must be pleaded in a defendant's answer, the Court may raise claim preclusion on the Court's own initiative. *See, e.g.*,

7

*Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017) ("[C]ourts may consider certain affirmative defenses, such as res judicata . . . , *sua sponte*.")

All of the requirements for claim preclusion are satisfied here. First, following a bench trial, Judge Engelmayer adjudicated Plaintiff's claims in *Daniel I* against T&M on the merits in the July 19, 2018 Corrected Opinion & Order in which he made findings of fact and conclusions of law. Second, Tucker is T&M's Chief Executive Officer and Chairman, and Gutstein is T&M's General Counsel; though they were not parties to *Daniel I* themselves like T&M, they are clearly in privity with T&M. *See Alpert's Newspaper Delivery, Inc. v. The N.Y. Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989) ("[O]ne whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, even though the first party was not formally a party to the litigation. The issue is one of substance rather than the names in the caption of the case . . . ."). Finally, Plaintiff asserts claims that arise from the same events as those in *Daniel I*, and therefore were or could have been raised in that action. *See Daniel*, 2018 WL 3621810 (July 19, 2018 Corrected Opinion & Order).

The Court therefore dismisses any remaining claims against Tucker and Gutstein under the doctrine of claim preclusion for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim).

**C.**     **Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Chambers will mail a copy of this order to Plaintiff.

The Court dismisses this action.

The Court denies Plaintiff any relief he seeks under Rule 60(b) of the Federal Rules of Civil Procedure from Judge Engelmayer's July 19, 2018 Corrected Opinion & Order in *Daniel v. T&M Prot. Res., LLC*, No. 13-CV-4384, 2018 WL 3621810 (S.D.N.Y. July 19, 2018).

The Court dismisses Plaintiff's remaining claims against Tucker and Gutstein under the doctrine of claim preclusion for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   April 24, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.